UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT A. GAMBOA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No  C95-5678 (JET) FDB<br>　　　　　 CR93-2090 (JET) FDB<br><br>ORDER DENYING MOTION FOR RELIEF PURSUANT TO RULE 60(b)(6) |

　　　　This matter comes before the Court on Petitioner Gamboa's motion for relief from judgment and\or order pursuant to Rule 60(b)(6). Petitioner asserts there exists extraordinary circumstances warranting relief under Rule 60(b)(6) that would permit him to reopen the collateral proceedings challenging his 1993 conviction and sentence on four drug-related offenses. Having reviewed the motion and record, the Court denies Petitioner's motion for relief.

　　　　On November 29, 1995 Gamboa filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), which the District Court re-characterized as a 28 U.S.C. § 2255 motion and denied on February 2, 1996. Gamboa filed a motion for discovery and also objected to the

ORDER - 1

re-characterization, and the Court struck the motion because the case had been dismissed. Gamboa appealed arguing error in the mis-characterized of the Section 3582 motion. On June 23, 1997, the Ninth Circuit agreed that the 3582 motion should not have been recharacterized as a Section 2255 motion and remanded with directions to amend the judgment to deny relief under Section 3582. On September 10, 1997 the District Court entered an Order Amending Judgement denying relief under 18 U.S.C. § 3582.

On October 29, 2002, Gamboa filed a 28 U.S.C. § 2255 motion raising the issue that the mischaracterization of the Section 3582 motion prevented him from filing a timely Section 2255 motion, and he sought equitable tolling of the AEDPA time limits. The District Court denied this motion on November 13, 2002. The Court reasoned that any claim for equitable tolling should have been made when Gamboa filed a "first" 2255 petition on September 12, 1997 that was found to be untimely, as such motion was required to be filed on or before April 24, 1997.

As recently as January 13, 2006, this Court denied a successive 2255 motion by Petitioner Gamboa wherein he asserted that the District Court's refusal to allow him to amend the re-characterized 3582 motion created an impediment that prevented him from timely filing his first 2255 motion.

In light of this history, Petitioner Gamboa fails to show extraordinary circumstances sufficient to excuse the untimely filing of his motion. See Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004) (Rule 60(b)(6) is available only where extraordinary circumstances prevented a party from taking timely action to correct an erroneous judgment). Assuming arguendo, that Gamboa's motion is cognizable under Rule 60(b), the Rule indicates, "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... [for] any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion must be made "within a reasonable time." Id . In addition, a movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment. See Gonzalez v. Crosby

ORDER - 2

1  545 U.S. 524 534-35 (2005).  A district court considering a Rule 60(b) motion will often take into

2  account factors such as "the diligence of the movant, the probable merit of the movant's underlying

3  claims, the opposing party's reliance interests in the finality of the judgment, and other equitable

4  considerations."  Id. at 535.  Significant time has passed since September 10, 1997, when the District

5  Court amended it's order denying relief under Section 3582.  Thus, an unreasonable amount of time

6  has lapsed.  Additionally, the fact that the same arguments presented in the instant motion were

7  raised in prior 2255 motions, demonstrates that extraordinary circumstances do not exist.

8      ACCORDINGLY;

9      IT IS ORDERED:

10     Petitioner's Motion for relief from an order and/or judgment pursuant to Rule 60(b)(6) is

11 **DENIED.**

13     DATED this 6th day of November, 2007.

17     FRANKLIN D. BURGESS
    UNITED STATES DISTRICT JUDGE

26 ORDER - 3